UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, | § § § | |
| v. | § § | CRIMINAL NO. 2:13-210-1 |
| MICHAEL RENE HERNANDEZ, Defendant/Movant. | § § § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Michael Rene Hernandez filed a motion pursuant to Federal Rule of Civil Procedure 60(b), which the Court recharacterized as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 221, D.E. 222.[1] Pending before the Court is the United States' Motion for Summary Judgment (D.E. 232), wherein the Government moves the Court to dismiss Movant's motion as untimely.

## I. BACKGROUND

On March 3, 2006, Movant was sentenced to 77 months' imprisonment by the Western District of Texas for conspiracy to possess with intent to distribute cocaine, in Cause No. SA-05-CR-499-1. While he was serving his sentence at the Federal Correctional Institute in Three Rivers, Texas, Movant and a group of fellow Mexican Mafia gang members murdered Servando Rodriguez, a member of the rival Paisa prison gang.

On December 3, 2008, Movant received a Bureau of Prisons Incident Report charging him with Code 100, Killing; Code 104, Possessing a Dangerous Weapon; and

---

1. Docket entry references (D.E.) are to the criminal case.

1

Judgment was entered on December 10, 2013. Movant's conviction therefore became final on December 24, 2013. Movant did not file his § 2255 motion until December 5, 2017, roughly three years after the statute of limitation expired.

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Holland*, 560 U.S. at 649; *Petty*, 530 F.3d at 365. Movant has presented no facts that would suggest that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*,

4

537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion for Summary Judgment (D.E. 232) is **GRANTED**, Movant's construed motion under § 2255 (D.E. 221) is **DENIED,** and Movant is **DENIED** a Certificate of Appealability.

So **ORDERED** on   12/27/18  .

                              NELVA GONZALES RAMOS
                              UNITED STATES DISTRICT JUDGE